**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SUSAN AFONSO,

        Plaintiff,

   - v -              Civ. No. 1:14-CV-876
                    (LEK/RFT)
ALBANY MEDICAL CTR.; CAPITAL DISTRICT
PSYCHIATRIC CTR.; and ELLIS HOSPITAL,

        Defendants.

**APPEARANCES:**        **OF COUNSEL:**

SUSAN AFONSO
Plaintiff, *Pro Se*
66 N. Allen Street
Albany, New York 12203

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

  The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Susan Afonso. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but has filed a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP Mot.

**I. DISCUSSION**

**A. IFP Application**

  Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter IFP.

**B. Plaintiff's Complaint**

  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure

"demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Though difficult to decipher, Plaintiff's Complaint centers around treatment she received, at Albany Medical Center ("AMC"), Capital District Psychiatric Center ("CDPC"), and Ellis Hospital ("Ellis"), and the billing practices of these entities in connection with her respective visits. According to the Complaint, in June 2008, AMC, "with actual knowledge of leukocytosis, deliberately created a false, forced inpatient psychiatric disability." Compl. at ¶ 4(2). Also in June 2008, CDPC "made an inpatient claim for federal funds with disregard of the falsity for medically unnecessary psychiatric treatments, drugs and diagnosis." *Id*. at ¶ 4(3). Then, in "July/August 2008, Ellis Hospital further contributed with a false inpatient psychiatric claim (different diagnosis) extending a false disability." *Id*. at ¶ 4(4). Lastly, in June 2013, Plaintiff went to Ellis's emergency room for treatment of a sore on her foot and swollen ankles and was "admitted inpatient for a false, relentless insistance [sic] of psychiatric treatment." *Id*. at ¶ 4(8). Plaintiff asserts that the Defendants' filing of "false claims" based on differing diagnoses has resulted in her loss of employment, damage to her reputation and credit, "and false medical history of disability for unlawful access to federal funds such as Medicaid." *Id*. at ¶ 4(9).

The Court notes that in drafting her Complaint, Plaintiff utilized the *pro forma* complaint typically used by *pro se* litigants seeking vindication for violations of their constitutional rights

through 42 U.S.C. § 1983. However, she has multiple references throughout her pleading to the False Claims Act. Mindful of the Second Circuit's requirement that district courts liberally construe *pro se* pleadings, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), we will explore every possible avenue by which Plaintiff's Complaint suggests that this case could be entertained by the Court.

First, we consider whether this action could be brought under 42 U.S.C. § 1983, the civil rights statute, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "[section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").

Although Plaintiff utilizes the *pro forma* complaint used by individuals seeking to sue pursuant to Section 1983 and generally decries the alleged violation of her "federal rights," she cannot assert a cause of action under § 1983 for two reasons. First, because she has not identified any federal constitutional right that has been violated. And, second, and the more crucial infirmity, she cannot establish that the Defendants acted under color of state law. It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law. *See, e.g., Rounseville v. Zahl*, 13 F.3d 625 (2d Cir. 1994) (noting state action requirement under § 1983); *Wise v. Battistoni*, 1992 WL 280914, at *1 (S.D.N.Y. Dec. 10, 1992) (same) (citations omitted). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of*

*Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). There is no allegation that Defendants acted under color of state law with regard to the alleged false diagnoses and claims. Thus, § 1983 would not be the proper vehicle for Plaintiff to seek judicial review of the claims herein.[1]

Second, Plaintiff's repeated references to the False Claims Act compels us to examine whether such an action could be maintained pursuant to 31 U.S.C. § 3729 *et seq*. The False Claims Act imposes civil liability upon "any person" who, *inter alia*, "knowingly presents or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval [or who] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government[.]" 31 U.S.C. §§ 3729(a)(1) &(2). A civil action may be brought pursuant to this Act by either the federal government or by a private person, known as a relator, in a *qui tam* action that is brought in the name of the federal government. *Id*. at §§ 3730(a) & (b)(1). When an action is brought under the Act by a private person, the government may either intervene and prosecute the action or allow the relator to proceed with the action alone. *Id*. at §§ 3730(b)(2) & (b)(4)(B).[2]

In liberally construing the Plaintiff's Complaint, it appears to this Court that she accuses the Defendants of filing false claims in order to receive funds from Medicaid, possibly to cover

---

[1] The Court also notes that Section 1983 actions are subject to a three-year statute of limitations, and thus, any claims for relief which predated July 16, 2011, would not be actionable. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action); *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years).

[2] Whether or not the government intercedes, the relator is entitled to a portion of the proceeds should the prosecution prove successful. 31 U.S.C. § 3730(d).

expenses connected with her treatment. It appears that her accusations are two-fold: first, the treatment(s) provided were medically unnecessary, and, second, in terms of the earlier allegations from 2008, she was employed at that time and had insurance through her employment, thus she would not have qualified for Medicaid. Compl. at ¶¶ 4(10)-(12). Nevertheless, she received "numerous bills" from "OMH" for payments made to Defendants. *Id.* at ¶¶ 4(12), (14), & (15). Notwithstanding the lack of clarity in Plaintiff's pleading, and the scarcity of allegations of fact disunited from legal conclusions, Plaintiff may not proceed with this action *pro se* in order to recover under the False Claims Act. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89 (2008).

It is clear that an individual may appear in federal court either *pro se* or through counsel. 28 U.S.C. § 1654. While a non-attorney layperson has the right to proceed *pro se*, a layperson <u>may not</u> proceed *pro se* on behalf of another person or entity. *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). More specific to this case, although relators may commence an action pursuant to the False Claims Act, "the claim itself belongs to the United States," and because "relators lack a personal interest in False Claims Act *qui tam* actions," the Second Circuit has determined that such claims may not be brought *pro se*. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d at 93 (noting that *qui tam* actions are suits brought to recover injuries to the United States wherein the relator acts as a "partial assignee" of those claims and that all other Circuit Courts of Appeal that have considered the issue have disallowed a private individual to pursue a *pro se* civil action under the False Claims Act). Thus, this claim must be **dismissed**.

Although a district court should not dismiss a *pro se* complaint without granting leave to amend, dismissal is appropriate where leave to amend would be futile. *Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000) (finding leave to re-plead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). In light of the above, it is clear that no amendment would cure the defects associated with Plaintiff's attempt to bring an action pursuant to 42 U.S.C. § 1983 and 31 U.S.C. § 3730.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**IT IS SO ORDERED**.

Date: September 5, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge