UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SUSAN AFONSO,

                Plaintiff,

        -against-                                  1:14-CV-0876 (LEK/RFT)

ALBANY MEDICAL CENTER; CAPITAL
DISTRICT PSYCHIATRIC CENTER; and
ELLIS HOSPITAL,

                Defendants.

_____

**ORDER**

This matter comes before the Court following a Report-Recommendation filed on September 8, 2014, by the Hon. Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). "If no objections are filed . . . reviewing courts should review a report and recommendation for clear error." Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); see also Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Farid v. Bouey, 554 F. Supp. 2d 301, 306 (N.D.N.Y. 2008).

No objections to the Report-Recommendation were filed in the allotted time period. See Docket. Upon review, the Court finds that Judge Treece erred in concluding that none of Defendants acted under color of state law. See Report-Rec. at 4. Defendant Capital District

Psychiatric Center ("CDPC") is operated by the New York State Office of Mental Health, and thus is a state actor for purposes of 42 U.S.C. § 1983. See Capital District Psychiatric Center (May 20, 2013), http://www.omh.ny.gov/omhweb/facilities/cdpc/facility.htm. However, because Plaintiff seeks only damages against CDPC, her claims are barred under the Eleventh Amendment. See Roosevelt Council v. New York, No. 08-CV-1158, 2008 WL 5243887, at *2 (N.D.N.Y. Dec. 15, 2008) (Kahn, J.) ("The law is well established that under the Eleventh Amendment to the United States Constitution, both the State of New York and its subdivisions are immune from suits [for damages under § 1983]."). Therefore, the error is harmless.

The Court has reviewed the remainder of the Report-Recommendation for clear error and finds none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED** and **ADOPTED as modified**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without leave to amend**;[1] and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties to this action in accordance with the Local Rules.

---

[1] When dismissing a complaint filed by a *pro se* plaintiff, courts must be generous in granting leave to amend deficiencies in the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, when leave to amend would be futile, it is not necessary. See id. Here, leave to amend would be futile, as Plaintiff's claims are barred under the Eleventh Amendment. Furthermore, even if Plaintiff were to name as defendants individual state actors at CDPC, such § 1983 claims would be barred under the three-year statute of limitations, as all claims against CDPC occurred in 2008, and this action was not commenced until 2014. See Report-Rec. at 5 n.1.

**IT IS SO ORDERED**.

DATED: October 07, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge